# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KALE VORAK,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN SERVATIUS and CHUCK PRATHER,<br><br>                    Defendants. | No.   CV-13-0335-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER, GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE, AND RESETTING DEADLINES** |

Before the Court are Defendants' Motion for Protective Order, ECF No. 37, Plaintiff's Motion for Extension of Time to Respond to Summary Judgment, ECF No. 58, and Plaintiff's related Motion to Expedite, ECF No. 59.  The Court, having reviewed the pleadings and file in this matter, is fully informed, and grants the motions for the reasons that follow.

## I.    DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants seek a protective order that would allow Defendants to not release the full legal name and dates of birth of both Defendants.  Plaintiff's interrogatories to both Defendants sought disclosure of their full legal name and date of birth.  Defendants objected that the information was not relevant to a claim

ORDER **-** 1

1  raised. ECF No. 38. Defendants now maintain the information is not only
2  irrelevant but also sensitive information that should not be produced to a person
3  with Plaintiff's convictions.

4  Under Federal Rule of Civil Procedure 26, parties may obtain discovery
5  regarding any non-privileged matter that is relevant to any party's claim or
6  defense, and, for good cause, the Court may order discovery of any matter
7  relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1).
8  Relevant information need not be admissible at the trial if the discovery appears
9  reasonably calculated to lead to the discovery of admissible evidence. *Id*. The
10 Court must limit discovery if the burden of the proposed discovery outweighs its
11 likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

12 Here, Plaintiff has asserted the sole need for the information is to conduct
13 background investigations into each Defendant's criminal history. However, in
14 response to Plaintiff's interrogatories, Plaintiff has been provided their criminal
15 history. Accordingly, the Court finds that production of the legal name and date
16 of birth has not been shown to be reasonably likely to lead to the discovery of
17 admissible evidence. Furthermore, courts have routinely denied disclosure of
18 dates of birth, and other sensitive personal information, to incarcerated pro se
19 parties. *See e.g.*, *Anderson v. Hansen*, 1:09-CV-01924-LJO, 2012 WL 4049979
20 (E.D. Cal. Sept. 13, 2012) (finding privacy and safety risk in disclosing date of

birth); *Kowalski v. Stewart*, 220 F.R.D. 599, 601 (D. Ariz. 2004) (finding disclosure of personal information to inmate would jeopardize defendant's personal safety); *Bryant v. Gallagher*, 1:11-CV-00446-LJO, 2013 WL 3773862 (E.D. Cal. July 17, 2013) (finding disclosure of full name and date of birth presents legitimate safety and security concerns); *Silva v. McKenna*, C11-5629 RBL/KLS, 2012 WL 1596971 (W.D. Wash. May 7, 2012) (finding Defendant's dates of birth did not bear on Plaintiff's claims). Accordingly, the Court grants Defendants' Motion for a Protective Order, ECF No. 37, prohibiting the release of the full legal names and dates of birth of Defendants.

## II.   PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff seeks additional time to file a response to Defendant's Motion for Summary Judgment, ECF No. 40, in order to provide time to receive and review responses to his requests for production. Defendants do not object to an extension of time. ECF No. 60. Here, as Plaintiff in good faith sought to compel production of the responsive documents to his requests for productions, ECF No. 28, but was not entitled, as a matter of law, to receive free copies, ECF Nos. 50 & 54, he has demonstrated good cause for an extension of time so that he may receive and review those documents before having to respond to Defendants' motion. Plaintiff paid to receive the responsive document on August 20, 2014, and August 25, 2014. Defendants state the records were mailed to Plaintiff on August 26,

ORDER **-** 3

1  2014.  Accordingly, the Court will grant Plaintiff until September 29, 2014, to file
2  a response to Defendants' Motion for Summary Judgment.

3  Additionally, in extending the time to respond, the Court finds it necessary
4  to extend the hearing date on the summary judgment motion.  Furthermore, having
5  reviewed the materials filed to date, the Court finds it prudent to consider
6  concurrently Defendants' Motion for Summary Judgment and Plaintiff's Motion
7  for Leave to File an Amended Complaint, and therefore resets the motion hearings
8  accordingly.

9  Accordingly, **IT IS HEREBY ORDERED**:

10  **1.** Defendants' Motion for Protective Order, **ECF No. 37**, is
11  **GRANTED**.  Defendants do not have to release their full legal
12  names and dates of birth as requested by Plaintiff in discovery.

13  **2.** Plaintiff's Motion for Extension of Time to Respond to Summary
14  Judgment, **ECF No. 58**, and related Motion to Expedite, **ECF No.**
15  **59**, are **GRANTED**.

16  **3.** Plaintiff's Response to Defendants' Motion for Summary Judgment
17  shall be filed **by no later than September 29, 2014.**  Defendants'
18  Reply shall be filed **by no later than October 13, 2014.**

19  **4.** The Motion Hearings on Defendants' Motion for Summary
20  Judgment, **ECF No. 40**, and Plaintiff's Motion for Leave to File an

ORDER **-** 4

1   Amended Complaint, **ECF No. 52**, are **RESET** to **October 17, 2014,**

2   **at 6:30 PM Without Oral Argument.**

3   **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order

4   and provide copies to all counsel and to Plaintiff.

5   **DATED** this 8th day of September 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge