UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KALE VORAK, | No.    13-CV-0335-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING SUMMARY JUDGMENT, DENYING MOTION TO AMEND, AND ADDRESSING MISCELLANEOUS FILINGS** |
| JOHN SERVATIUS and CHUCK PRATHER, | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court, without oral argument, are Plaintiff's Affidavit of Prejudice, ECF No. 67, Defendants' Motion for Summary Judgment, ECF No. 40, and Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 52. Having reviewed the pleadings and the file in this matter, the Court is fully informed and for the reasons that follow finds no prejudice, grants Defendants' summary judgment motion, and denies Plaintiff leave to amend complaint.

//

/

ORDER - 1

## II.    BACKGROUND

A.    **Factual Background**[1]

Plaintiff is a Washington State prisoner in the custody of the Department of Corrections (DOC) currently housed at the Airway Heights Corrections Center (AHCC).  Defendant Servatius is an Investigator 3 at AHCC and plans, directs, coordinates, and supervises all functions of the Intelligence and Investigations (I&I) Unit at AHCC.  Defendant Prather is employed by Correctional Industries as a Correctional Industries Manager 4, responsible for the day-to-day managing operations of Correctional Industries' two centralized distribution centers.

The Correctional Industries Commissary at AHCC processes and fills orders from five DOC facilities, including AHCC.  Until August 2013, offenders placed commissary orders using a paper ordering system.  After the orders were entered, offenders working in the AHCC commissary would gather the items for each order.  Orders were then sent from the AHCC commissary to the appropriate facility.  Until February 3, 2012, Plaintiff worked in the commissary as an offender gathering the items for each order.

In early February 2012, commissary staff began a preliminary investigation into possible thefts from the commissary using fabricated orders.  Patrick Mercer, a Correctional Industries Supervisor 2, examined fulfilled orders and found

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

inconsistencies and discrepancies in commissary orders pointing to orders being fabricated.  Three offenders were named as suspects of the investigation: Plaintiff, Darron Deitrick, and William Davis.   On February 3, 2012, Plaintiff was suspended from his job in the commissary pursuant to DOC Policy 710.400 because of the pending investigation into his theft from the commissary.   That same day, Plaintiff, along with Deitrick and Davis, was referred for segregation pursuant to DOC Policy 320.200 because of his status as a suspect in the pending investigation, and Defendant Servatius completed the required DOC 17-075 Segregation Authorization form.

On February 7, 2012, before any segregation review could take place, Offenders Deitrick and Davis were released.  Also on February 7, 2012, Offender Richard Harmon was placed in segregation as part of the investigation.   On February 7, 14, 21, and 28, 2012, pursuant to DOC Policy 320.200, a weekly classification review was conducted for Plaintiff's classification and continued placement in segregation.  After each review, due to the ongoing investigation, it was determined Plaintiff was to remain in segregation pending completion of the investigation into theft from the commissary.   On February 17, 2012, after learning Defendant Prather was interviewing witnesses regarding the commissary theft, Plaintiff filed a grievance complaining that Defendant Prather should not be permitted to do the investigation.  Around February 22, 2012, this grievance was

denied because it was related to an infraction.    At the February 28, 2012 segregation review, it was noted on the review form that an infraction report from the investigation was being submitted.    Accordingly, as the investigation was nearing completion, Plaintiff was set to be released from segregation, and was released on March 5, 2012.    During this same time, Offender Harmon's segregation classification was reviewed on February 9, 16, and 23, 2012, and he was retained in segregation because the investigation into theft from the commissary was still pending.    Harmon was released from segregation on March 2, 2012.

On March 13, 2012, a review of Plaintiff's job suspension was conducted. After Defendant Prather advised of his concerns for the safety and security of the commissary if Plaintiff was allowed to work there, the review team recommended Plaintiff be terminated from his job in the commissary.    After leaving this review, Plaintiff filed a grievance against the commissary complaining that he was terminated without cause.    This grievance was denied because any decision by the Facility Risk Management Team (FRMT) could be appealed.    The Job Assignment Coordinator reviewed the recommendation from FRMT and concurred with terminating Plaintiff's job.    Plaintiff was terminated from his job in the commissary on March 20, 2012.    On March 26, 2012, Plaintiff filed another grievance against the commissary alleging the commissary had unfair hiring and

firing practices.  On March 29, 2012, Defendant Servatius submitted the initial serious infraction reports for Plaintiff, Deitrick, and Davis.  Subsequently, due to the pending infraction which gave the commissary cause to deny employment to Plaintiff, his March 26, 2012 grievance was denied.

**B.    Procedural Background**

On September 18, 2013, Plaintiff filed a Civil Rights Complaint against Defendants John Servatius, Donna Byrnes, and Ronald Haynes.  ECF No. 1.  On November 6, 2013, the Court having screened Plaintiff's Complaint directed Plaintiff to voluntarily dismiss his Complaint or file an Amended Complaint. ECF No. 8.  On December 11, 2013, Plaintiff filed a First Amended Complaint against Defendants John Servatius and Chuck Prather.[2]  ECF No. 9.  On January 24, 2014, the Court having determined that a response from Defendants was necessary, directed the U.S. Marshals' Service to serve Defendants with Plaintiff's First Amended Complaint.  ECF No. 10.  Defendants filed an Answer on March 25, 2014, ECF No. 16, and held a Telephonic Scheduling Conference on May 28, 2014, ECF No. 24.   On July 15, 2014, Plaintiff filed a Motion to Compel Discovery.  ECF No. 28.  On July 28, 2014, this case was reassigned to this Court and the Court issued a new Scheduling Order.  ECF Nos. 33 and 34.  On August 6, 2014, the Court received a letter from Plaintiff requesting an extension of time

---

[2] Defendants Donna Byrnes and Ronald Haynes were not listed in the First Amended Complaint, and therefore were removed from the case.  ECF No. 9.

to serve written discovery requests, which the Court construed as a motion. ECF No. 36. On August 7, 2014, Defendants sought a protective order. ECF No. 37. The next day, Defendants filed for summary judgment. ECF No. 40. On August 12, 2014, the Court entered an order denying Plaintiff's motion to compel and granting an extension of time to serve discovery. ECF No. 50. On August 19, 2014, Plaintiff sent a letter to the Court objecting to the Court's order and maintaining he was entitled to production of records at Defendants' expense. ECF No. 51. The Court, liberally construing Plaintiff's letter as a Motion to Reconsider, denied the motion on August 20, 2014. ECF No. 54. Also on August 19, 2014, Plaintiff filed a Motion for Leave to File an Amended Complaint, ECF No. 52, and included his proposed Second Amended Complaint, ECF No. 52-1. Plaintiff sought expedite consideration of his motion to amend, ECF No. 53, but the Court concluding the matter would be best addressed while also deciding Defendants' summary judgment motion, denied Plaintiff's request to expedite consideration, ECF No. 57.

On September 2, 2014, the Court received Plaintiff's motion to extend his time to respond to the summary judgment motion. ECF No. 58. While the Court granted Plaintiff's motion and placed a copy of the Order, ECF No. 61, in the mail on September 9, 2014, it appears Plaintiff did not receive it until September 15, 2014, ECF No. 67 ("On 9/15/13 when Plaintiff became aware that his extension

1    had been granted. . .").  The Court received Plaintiff's Response, ECF No. 62, to

2    the summary judgment motion on September 10, 2014.[3]  On September 17, 2014,

3    the Court received Plaintiff's letter dated September 15, 2014, in which Plaintiff

4    did not seek leave to submit additional materials in support of his Response but

5    instead objected to the Court's previous Orders and sought immediate rulings on

6    his motions.  ECF No. 66.  On October 8, 2014, Plaintiff filed an Affidavit of

7    Prejudice, presumably pursuant to 28 U.S.C. § 144.  To date, Defendants have not

8    filed a reply in support of their summary judgment motion nor has Plaintiff sought

9    to supplement his response based upon the discovery he originally maintained

10   justified needing more time to file a response, ECF No. 58.

11         ### III.  <u>PLAINTIFF'S SEPTEMBER 15, 2014 LETTER</u>

12         Plaintiff's letter maintains that he was prejudiced by the Court's granting of

13   an extension for him to file his response because after he mailed his response on

14   September 8, 2014, it left Defendants with "way too much time to formulate a

15   reply."  ECF No. 66.  However, Defendants have not filed a reply, and even if

16   they had, an extra few weeks would not amount to a prejudice against Plaintiff.

17   Accordingly, the Court finds no prejudice by the extension of the deadlines.  The

18   remainder of Plaintiff's letter asks the Court to reconsider its prior orders.

19   Liberally construed as a motion for reconsideration, the Court finds nothing

20

---

[3] The Transmittal Envelope, ECF No. 62-2, indicates Plaintiff mailed his Response on September 9, 2014.

ORDER - 7

presented to justify reconsidering the Court's earlier rulings. *See Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (Reconsideration is only "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). Accordingly, to the extent Plaintiff's letter, ECF No. 66, requests action from this Court it is denied.

## IV.   PLAINTIFF'S AFFIDAVIT OF PREJUDICE

Plaintiff maintains that the Court has a "personal bias or prejudice against me because of my status as an inmate litigant." ECF No. 67 at 2. The Court presumes that Plaintiff has filed the captioned "Affidavit of Prejudice" pursuant to 28 U.S.C. § 144. While normally the affidavit is accompanied by a motion for recusal, the Court, liberally construing the pleadings, will consider Plaintiff's filing both as an affidavit and as a motion for recusal.

Section 144 of Title 28 of the United States Code, "Bias or prejudice of judge" provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such

ORDER - 8

time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  However, the determination of whether the affidavit is sufficient is to be determined by the judge, and only after it is found sufficient is the matter of recusal assigned to another judge for hearing.  *See United States v. Azhocar*, 581 F.2d 735 (9th Cir. 1978) (challenged judge could rule on legal sufficiency of affidavit and was not required to assign recusal motion to another judge for hearing.); *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968) (determination of sufficiency of facts and reasons given in affidavit of prejudice must be made by judge to whom affidavit is presented).  The affidavit must "state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits."  *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978).  The Court must also look at "(3) the substantiality of the support given by these facts to the allegation of bias."  *Id*. at 739–40.  The Court may "properly deny the affidavit for insufficiency if the facts, taken as true, do not provide fair support for the contention that statutory bias exists."  *Id*.

Here, Plaintiff's affidavit relies solely upon the rulings adverse to Plaintiff that have occurred to date in this matter and claims these adverse rulings demonstrates prejudice.  However, conclusory statements alleging personal bias or

prejudice are not statements of fact, and do not provide a basis for disqualification. *See Willenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962). Nor are prior adverse rulings sufficient cause for removal. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). *See also United States v. Schwartz*, 535 F.2d 160 (2d Cir. 1976) (adverse rulings, standing alone, do not establish judicial bias or prejudice nor create a reasonable question of judicial impartiality); *United States v. MMR Corp.*, 954 F.2d 1040 (5th Cir. 1992) (adverse rulings in case are not adequate basis for demanding recusal); *Knapp v. Kinsey*, 22 F.2d 458 (6th Cir. 1956) (adverse rulings during course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify judge); *Deitle v. United States*, 302 F.2d 116 (7th Cir. 1962) (charge of bias of judge predicated on prior adverse ruling by presiding judge was not a proper ground for disqualification); and *Green v. Dorrell*, 969 F.2d 915 (10th Cir. 1992) (adverse rulings against litigant cannot in themselves form appropriate grounds for disqualification). While Plaintiff clearly disagrees with the Court's previous rulings, those rulings were based upon controlling law and, while adverse to Plaintiff, do not provide any reason for recusal. Accordingly, the Court finds Plaintiff has not alleged any facts or reasons which require removal under § 144. Nor are there facts alleged in the affidavit, which if true, require transfer of the

question of recuse to another judge.  Accordingly, Plaintiff's affidavit, construed to include a motion for recusal is denied.

As the Court may "proceed no further" in a case until all recusal motions are resolved, 28 U.S.C. § 144, having resolved the issues of recusal, the Court now proceeds to the remaining pending motions.

## V.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.    Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion.  *Id.* at 322.  "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).  When

considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a "plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). The purpose of summary judgment is not to replace conclusory allegations in pleading form with conclusory allegation in an affidavit. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990); *cf. Anderson Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). When considering the summary judgment motion, the Court 1) took as true all undisputed facts; 2) viewed all evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

//

//

/

ORDER - 12

**B.    Discussion**

Liberally construing Plaintiff's Complaint, ECF No. 9, Plaintiff sets forth two separate claims 1) retaliation in violation of his First Amendment rights, and 2) conspiracy.  The Court will address each claim in turn.

1.    Retaliation

Plaintiff maintains he was retaliated against for writing grievances against Defendants when Defendants held him in segregation during an investigation into theft from the commissary, suspended and terminated him from his job in the commissary, and wrote an infraction report infracting Plaintiff for theft.

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).  Within the prison context, to prove a claim of First Amendment retaliation Plaintiff must demonstrate five basic elements: 1) an assertion that a state actor took some adverse action against an inmate, 2) because of 3) that prisoner's protected conduct, and that such action 4) chilled the inmate's exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  The filing of an inmate grievance is protected conduct.  *Id.* at 568.  Plaintiff has the burden to show the retaliation was the substantial or motivating factor behind the conduct of the prison official.  *Mt. Healthy City*

ORDER - 13

*School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). While it is sufficient to allege a chronology of events from which retaliation can be inferred to survive a motion to dismiss, *see Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012), on summary judgment motion, Plaintiff must demonstrate a material issue of fact as to retaliatory intent. *See generally*, *Pratt v. Rowland*, 65 F.3d 802 (9th Cir. 1995) (finding that, while timing can be considered as circumstantial evidence of retaliatory intent, where there was no additional support for that inference, Plaintiff could not demonstrate even a likelihood of success on the merits of his retaliation claim). Additionally, Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

Here, Plaintiff alleges he was retaliated against for filing grievance on three separate occasions. First, Plaintiff contends that any time he spent in segregation from February 3, 2012, to March 5, 2012, that occurred after he filed a grievance must have been a retaliatory hold. Second, Plaintiff maintains he was suspended and terminated from his commissary job after he filed a grievance on February 17, 2012. Third, Plaintiff states the infraction he received on March 29, 2012, was in retaliation for grievances he filed on March 13 and 26, 2012. However, Plaintiff has provided nothing other than the timing of the grievances he issued during the

course of his suspension and termination from the commissary job, segregation during the investigation into theft, and ultimate infraction for theft, to support any finding of retaliatory intent or motive by Defendants. Additionally, Plaintiff's second claimed retaliatory conduct is not even supported by timing because he was suspended from his commissary job on February 3, 2012, but did not file the grievance until two weeks later on February 17, 2012. Rather than demonstrate facts that support a finding of retaliatory motive, Plaintiff relies on the same conclusory allegations alleged in his complaint. *See e.g.* ECF No. 62 ("plaintiffs [sic] first amended complaint ¶ 5, he contends . . ."; "In Mr. Voraks [sic] complaint he specifically alleged that. . ."; "adverse action . . . is clearly pled in ¶ 6. . ."; "third adverse action complained of is summed up in paragraphs 8, 9. . ."). The purpose of summary judgment is not to replace conclusory allegations in pleading form with conclusory allegation in an affidavit. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). Accordingly, based upon the record, the Court finds no evidence to demonstrate a retaliatory motive by Defendants nor has Plaintiff demonstrated any material issues of fact that would preclude summary judgment.

Additionally, Plaintiff has failed to demonstrate the absence of legitimate correctional goals for Defendants' conduct. Instead Plaintiff relies upon conclusory allegations that are unsupported by facts. *See e.g.* ECF No. 62 at 8

("While plaintiff was not there he can infer that because his termination violated policy that the commissary was instructed that because he was not infracted that he would be able to return to work, which is what prompted defendant [sic] Prather to contact defendant [sic] Servatius and as a result of their conversation defendant [sic] Servatius agreed to write a factually unsupported infraction to prevent plaintiff from returning to work and thus mooting his grievance."). Such speculation or unfounded accusations and assumptions are not facts, especially when, as here, such speculation is contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The records supplied by Defendants, ECF Nos. 42-44, demonstrate that Defendants' conduct throughout the investigation of theft from the commissary, Plaintiff's segregation, the classification reviews, and ultimate issuance of a serous infraction report was for the legitimate correctional goals of conducting an investigation into theft from the commissary consistent with prison policy.

Accordingly, the Court finds Plaintiff has failed to demonstrate any retaliatory motive and failed to demonstrate the absence of legitimate correctional goals for Defendants' conduct. Therefore, the Court grants Defendants' summary judgment motion as to Plaintiff's retaliation claim.

//

/

2.   Conspiracy

Next, Plaintiff appears to also assert a conspiracy claim.  *See* ECF No. 9 at ¶ 9.  To prove a conspiracy claim under § 1983, Plaintiff must show 1) an agreement between Defendants to deprive Plaintiff of a constitutional right, 2) an overt act in furtherance of the conspiracy, and 3) a constitutional deprivation.  *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Here, because the Court has found that Plaintiff has failed to demonstrate a constitutional deprivation, Plaintiff cannot demonstrate the third element of a conspiracy claim, and therefore the Court grants summary judgment for Defendant's as to the conspiracy claim.

## VI.   **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The Court, having determined that Defendants Servatius and Prather are entitled to summary judgment as a matter of law must now determine whether Plaintiff may file his proposed Second Amended Complaint, ECF No. 52-1.

**A.   Legal Standard**

A motion for leave to amend the complaint is governed by Federal Rule of Civil Procedure 15(a).  Rule 15(a) provides that:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).  The Supreme Court and the Court of Appeals for the Ninth Circuit interpret this command that "leave shall be freely given" very liberally, in order to permit meritorious actions to go forward, despite inadequacies in the pleadings.  *See Foman v. Davis*, 371 U.S. 178 (1962); S*chlacter–Jones v. General Tel. of California*, 936 F.2d 435, 443 (9th Cir.1991); *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981).   A significant body of jurisprudence has developed in an attempt to define exactly when justice requires a court to grant leave to amend.  *See Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 537–39 (9th Cir. 1989); *Howey v. United States*, 481 F.2d 1187, 1190–92 (9th Cir. 1973); *Komie v. Buehler Corp*., 449 F.2d 644, 647–48 (9th Cir. 1971).   Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint: 1) bad faith or dilatory motive on the part of the movant; 2) undue delay in filing the motion; 3) prejudice to the opposing party; and 4) the futility of the proposed amendment.  *Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir.1991) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).   The party opposing the motion for leave to amend a complaint bears the burden of showing prejudice.  *DCD Programs*, 833 F.2d at 186 (citing *Beeck*

*v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir.1977)).   Furthermore,
leave to amend need not be granted if the proposed amended complaint would be
subject to dismissal.   *United Union of Roofers, Waterproofers, and Allied Trades
No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402–03 (9th Cir. 1990);
*see also Johnson v. American Airlines*, 834 F.2d 721, 724 (9th Cir. 1987) (stating
that "courts have discretion to deny leave to amend a complaint for 'futility', and
futility includes the inevitability of a claim's defeat on summary judgment.").

**B.   Discussion**

On September 18, 2013, Plaintiff filed a Complaint listing as defendants
Donna Byrnes, John Servatius, and Ronald Haynes.   ECF No. 1.   After being
ordered to amend or voluntarily to dismiss, ECF No. 8, Plaintiff chose to file his
First Amended Complaint, ECF No. 9, which dropped any allegations against
Donna Brynes and Ronald Haynes, but added Chuck Prather as a defendant.
Now, Plaintiff's proposed Second Amended Complaint maintains the same
general factual allegations regarding the alleged retaliation for filing grievances
but seeks to add additional defendants and their perceived roles in what Plaintiff
maintains was a "retaliatory scheme."   ECF No. 52-1 at ¶ 21.   In addition to
Defendants Servatius and Prather, Plaintiff seeks to add formerly dismissed
defendants Donna Byrnes and Ronald Haynes, plus new defendants Mike Tappe,
Patrick Mercer, Josh Greens, and Frank Rivera.

The proposed Second Amended Complaint contains no new allegations against Defendants Servatius and Prather that have not been addressed by the Court's grant of summary judgment.    Accordingly, the motion to amend the complaint as to these Defendants is denied as futile.

Next, Plaintiff proposes to renew allegations against Defendants Brynes and Haynes, who Plaintiff previously dismissed any claims against in filing his First Amended Complaint.    But, "all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."    *King v. Atiyeh*, 814 F2d 656, 567 (9th Cir. 1987).    Plaintiff was advised of this as of January 24, 2014, in the Court's previous Order.    ECF No. 10 at 1 ("Consequently, Defendants Byrnes and Hayes are terminated from this action.").    If Plaintiff wished to maintain his allegations against those Defendants, which the Court had found to be insufficiently pled, ECF No. 8, he could have sought leave to amend as early as February 2014.    Accordingly, the Court finds an undue delay in seeking to continue allegations against Defendants Byrnes and Hayes, which is unduly prejudicial to those Defendants.    Regardless of any delay, the allegations against Defendants Byrnes and Hayes in the Second Amended Complaint are substantively no different than the allegations in the Complaint, which the Court found insufficient, ECF No. 8.    Accordingly, the proposed amendment to include

ORDER - 20

Defendants Byrnes and Hayes would be futile. Plaintiff's motion to amend as to Defendants Byrnes and Hayes is denied.

As to the remaining four new defendants, the Court finds amendment of the complaint to be futile. While Plaintiff's proposed Second Amended Complaint lists these four new defendants and their alleged involvement in the "retaliatory scheme," nothing in the proposed amended complaint is materially different than the extensive pleadings filed by Plaintiff on summary judgment. Accordingly, the Court is convinced of the inevitability of the claims' defeat on summary judgment. Therefore, amendment of the complaint as to Defendants Tappe, Mercer, Greens, and Rivera is denied as futile.

## VII.  <u>CONCLUSION</u>

In conclusion, the Court finds Plaintiff has alleged nothing more than disagreement with the Court's previous ruling which is insufficient to establish prejudice and therefore recusal is not warranted. Plaintiff has failed to demonstrate both his retaliation claim and conspiracy claim as a matter of law. Finally, based upon the record and procedural history in this matter, the Court finds that the proposed Second Amended Complaint is futile. Therefore, the Court directs judgment be entered for Defendants and this matter be closed.

//

/

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion for Summary Judgment, **ECF No. 40**, is **GRANTED.**

2.    Plaintiff's Motion for Leave to File an Amended Complaint, **ECF No. 52**, is **DENIED**.

3.    Plaintiff's Affidavit of Prejudice, construed to include a motion for recusal, **ECF No. 67**, is **DENIED**.

4.    The Clerk's Office is directed to enter **JUDGMENT** in favor of Defendants John Servatius and Chuck Prather.

5.    All other hearings and deadlines are **STRICKEN** and any remaining motions are **DENIED AS MOOT**.

6.    The Clerk's Office is directed to **CLOSE** the case.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, provide copies to all counsel, and mail a copy to Plaintiff at his last known address.

**DATED** this 3rd day of December 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2013\Vorak v. Donna Byrnes-0335\order.grant.msj.deny.amend.lc1.docx

ORDER - 22